IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00123-MR

| | |
|---|---|
| JENNIFER MOCANU, ) ) Plaintiff, ) ) vs. ) ) KILOLO KIJAKAZI, Acting ) Commissioner of Social Security, ) ) Defendant. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before this Court on Plaintiff's Motion for Summary Judgment [Doc. 10] and Defendant's Motion for Summary Judgment [Doc. 12].

**I.  PROCEDURAL HISTORY**

On January 12, 2020, Jennifer Mocanu ("Plaintiff"), filed an application for a period of disability benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of July 1, 2019. [Transcript ("T.") at 27]. Plaintiff's claims were initially denied on April 27, 2020, and again denied upon reconsideration on September 25, 2020. [Id.]. On Plaintiff's request, a hearing was held on March 3, 2021, before an Administrative Law Judge ("ALJ"). [Id.]. On June 16, 2021, the ALJ issued a written decision denying

Plaintiff benefits. [Id. at 24]. On January 26, 2022, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. Plaintiff has exhausted all available administrative remedies and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [courts should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [their] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," courts must defer to the ALJ's decision. [Id.] (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. [Id.].

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. [Id.] (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work

4

activities, then no severe impairment is established, and the claimant is not disabled. [Id.].

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. [Id.]. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his limitations prevent him from performing his past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his past work, then the claimant is not disabled. [Id.]. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists

5

in substantial numbers in the national economy. [Id.]; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. [Id.]. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date, July 1, 2019. [T. at 29]. At step two, the ALJ found that from her alleged onset date Plaintiff had suffered from severe impairments, including inflammatory arthritis, osteoarthritis, fibromyalgia, and hypertension. [Id.]. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. [Id. at 31]. The ALJ then determined that Plaintiff, despite her impairments, has the RFC "to perform light work as defined in 20 CFR 404.1567(b) exception: No climbing of ropes, ladders, and scaffolds. Occasional climbing of ramps and stairs. Occasional balancing, stooping, kneeling, crouching, and crawling. Frequent handling and

fingering bilaterally. Avoid concentrated exposure to wetness and hazards." [Id. at 32].

At step four, the ALJ identified Plaintiff's past relevant work as a medical transcriber and as a pharmacy technician. [Id. at 36]. The ALJ then found, based upon the testimony of a Vocational Expert ("VE"), that Plaintiff's RFC does not preclude her ability to perform past relevant work as generally performed. [Id.]. The ALJ therefore concluded that Plaintiff was not disabled from January 12, 2020, the date her application was filed, through June 16, 2021, the date of the ALJ's decision. [Id. at 37].

## V. DISCUSSION[1]

In one of her assignments of error, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinion of Nurse Practitioner ("NP") Heather Perkins. [Doc. 11 at 6].

For applications filed on or after March 27, 2017, such as Plaintiff's, the Social Security Administration has changed how adjudicators assess medical opinions. See 20 C.F.R. § 416.920c. Specifically, an ALJ is required to consider and articulate in the administrative decision how persuasive he

---

[1] Rather than set forth a separate summary of the facts in this case, this Court has incorporated the relevant facts into its legal analysis.

7

finds each medical opinion. [Id.] § 416.920c(a). The regulations list factors that ALJs consider when evaluating the persuasiveness of medical opinions, which are: supportability, consistency, relationship with the claimant, specialization, and "other factors" (including familiarity with other evidence in the claim or an understanding of program policies and evidentiary requirements). [Id.] § 416.920c(c).

Of these factors, "supportability" and "consistency" are the most important. [Id.] § 416.920c(a). When an ALJ considers an opinion's supportability, he evaluates the relevance of the medical evidence and explanation presented by the medical source. [Id.] § 416.920c(c)(1). When he considers consistency, the ALJ considers whether the medical opinion is consistent with other medical opinions or medical evidence in the record. [Id.] § 416.920(c)(2).

Here, the ALJ summarized NP Perkins' opinion by stating:

> FNP Perkins opined that the claimant would have significant difficulty with handling and working with small objects on a frequent basis due to bilateral hand, arm, and wrist pain. FNP Perkins opined that the claimant cannot perform a job that required repetitive use of her hands. FNP Perkins opined that the claimant would experience significant pain in her hands, wrists, and forearms with typing and/or writing more than frequently during a workday. FNP Perkins opined that the claimant is unable to concentrate on complex tasks due to pain and fatigue. FNP Perkins opined that the claimant would be off task 15% or

> more of the day. FNP Perkins opined that the claimant is able to lift and carry up to 10 pounds occasionally (Exhibit 15F/1). FNP Perkins opined that the claimant is able to occasionally reach (including overhead), handle, and feel, but never finger. FNP Perkins opined that the claimant would likely have 4 or more unscheduled breaks in an 8-hour workday and 4 or more absences in a month (Exhibit 15F/2).

[T. at 36]. The ALJ then found NP Perkins' opinion "less persuasive because it appears to be based primarily on the claimant's subjective complaints." [Id.].

However, while the ALJ cited to numerous items in the record, he provided no explanation connecting the cited evidence to his evaluation of NP Perkins' opinion as less persuasive. The ALJ does not compare the cited evidence to any of NP Perkins' findings or explain *how* specific pieces of record evidence contradict NP Perkins' opinion. In fact, the ALJ's decision never explicitly discusses the supportability and consistency of NP Perkins' opinion at all. It is not enough for the ALJ to cite evidence that may support his discounting of NP Perkins' opinion without providing further explanation of how he reconciled the evidence of record in coming to his conclusion. Indeed, some of the evidence recited by the ALJ seems to support NP Perkins' opinion.

In addition to not explicitly addressing the supportability and consistency of NP Perkins' opinion, the ALJ's decision does not explain how he considered these two factors in deciding the persuasiveness of NP Perkins' opinion. Instead, the ALJ states:

> This opinion is less persuasive because it appears to be based primarily on the claimant's subjective complaints. As discussed above, the record contains imaging showing severe osteoarthritis of the hands. On physical exam, the claimant has evidence of osteoarthritis in her hands and endorses soft tissue discomfort, tender points, myofascial tender points, and tenderness over the hip and lumbar spine, but she retains normal strength and sensation (Exhibit 3F/5, 8; 7F/2; 14F/4; 16F/8). Further, the claimant's activities of daily living support finding that she can do the range of light work identified above. The claimant is able to do light housekeeping, drive, shop, and exercise in the pool and on a stationary bike.

[T. at 36].

As there is no explanation as to how the ALJ reached his conclusion about the supportability and consistency of NP Perkins' opinion, this Court cannot say that the ALJ's ultimate decision was supported by substantial evidence. See Patterson v. Comm'r., 846 F.3d 656, 662 (4th Cir. 2017). The ALJ's recitation of evidence does not sufficiently explain how the ALJ reconciled the evidence in this case, and without more, this Court cannot conclude that the ALJ evaluated the supportability and consistency of NP

10

Case 3:22-cv-00123-MR    Document 16    Filed 09/19/23    Page 10 of 12

Perkins' opinion as required by the Social Security Administration's own regulations. For these reasons, this Court concludes that remand is required.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. Upon remand, the ALJ should analyze the supportability and consistency of NP Perkins' medical opinion and include an explanation of how record evidence supports his assignment of persuasiveness to that opinion.

## ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment [Doc. 12] is **DENIED**, and Plaintiff's Motion for Summary Judgment [Doc. 10] is **GRANTED**. Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge