## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:22-cv-00123-MR

| | |
|---|---|
| JENNIFER MOCANU,       ) | |
|     ) | |
|         Plaintiff,   ) | |
|     ) | |
|   vs.     ) | **O R D E R** |
|     ) | |
| MARTIN O'MALLEY,   ) | |
| Commissioner of Social Security,   ) | |
|     ) | |
|         Defendant.   ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Social Security Act 42 U.S.C. § 406(b) [Doc. 21].

## I.  PROCEDURAL BACKGROUND

On March 22, 2022, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny her application for benefits under the Social Security Act.  [Doc. 1].  On September 19, 2023, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action.  [Docs. 16, 17].  On December 19, 2023, this Court awarded the Plaintiff attorney's fees in the amount of $7,800.00 in full satisfaction of any and all claims by the Plaintiff pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and such fees were paid directly to the attorney.  [Doc. 20].

On September 22, 2024, the Commissioner issued a Notice of Award to the Plaintiff explaining her past due benefits and stating that $23,998.18, representing 25% of the Plaintiff's back benefits, was being withheld from the Plaintiff's award to pay any award of attorney's fees.  [Doc. 22-1 at 3]. The Plaintiff and her attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits.  [Doc. 22-2].

On October 15, 2024, the Plaintiff's counsel filed a Motion for Attorney Fees.  [Doc. 21].  The Plaintiff's counsel now seeks an award of $16,198.18 in fees pursuant to 42 U.S.C. § 406(b)(1), which constitutes the $23,998.18 withheld in the Commissioner's Notice of Award minus the $7,800.00 counsel already received under the EAJA.  [Doc. 22 at 2].

## II.    DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees.  First, claimants may seek a fee award under the EAJA, which provides that:

> [A] court shall award to a prevailing party other than
> the United States fees and other expenses . . .
> incurred by that party in any civil action (other than
> cases sounding in tort), including proceedings for

judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . .

28 U.S.C. § 2412(d)(1)(A).

Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134–35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, rather than stipulating to issuing the Plaintiff a refund of the EAJA fee award he received, the Plaintiff's counsel requests that this Court

offset the total amount of § 406(b) fees to which he would be entitled, $23,998.18, by the amount he received under EAJA, $7,800.00.  It does not appear that the Fourth Circuit Court of Appeals has addressed whether allowing such an offset, rather than requiring a refund of the smaller fee, is appropriate.  The plain language of the Social Security Act contemplates that where a plaintiff's counsel seeks fee awards under both statutes, counsel will "refund[ ]" the smaller award to the plaintiff.  O'Donnell v. Saul, 983 F.3d 950, 956 (7th Cir. 2020) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)).  The statute does not authorize this Court to offset counsel's award under § 406(b) in the manner he requests.  As such, this Court will award fees under § 406(b) as it typically has and will require counsel to refund to the Plaintiff the smaller fee award.[1]

The Court now turns to evaluate the fees available to the Plaintiff's counsel under § 406(b).  Here, the Plaintiff and her counsel entered into a

---

[1] The Court recognizes that some courts have signaled that awarding fees in the manner the Plaintiff's counsel requests is permissible.  However, these courts have provided that it is a disfavored method and that a court does not abuse its discretion in awarding a plaintiff's counsel the full amount of fees to which they are entitled under § 406(b) and requiring them to issue a refund to the plaintiff.  See O'Donnell, 983 F.3d at 959; McGraw v. Barnhart, 450 F.3d 493, 497 n.2 (10th Cir. 2006).  Indeed, a number of federal district courts have declined to award fees in the way the Plaintiff's counsel requests.  See, e.g., Chandler v. Kijakazi, No. 4:20-cv-517-ALM-KPJ, 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023); Koroma v. Comm'r of Soc. Sec. Admin., No. CV-19-04459-PHX-DWL, 2021 WL 3190727, at *1–*2 (D. Ariz. July 28, 2021).  Therefore, even assuming *arguendo* that it would be permissible for this Court to award the Plaintiff's counsel fees in the manner he requests, this Court would exercise its discretion and decline to do so.

contingency fee agreement by which the Plaintiff agreed to pay to her counsel "no more than 25% of all back benefits" awarded. As the Fourth Circuit has recognized,

> § 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness.

Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and her counsel is reasonable. Accordingly, the Plaintiff's Motion for Attorney's Fees is granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees under the Social Security Act 42 U.S.C. § 406(b) [Doc. 21] is hereby **GRANTED**, and an award of attorney's fees in the amount of Twenty-Three Thousand Nine Hundred and Ninety-Eight Dollars and Eighteen Cents ($23,998.18) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

5

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, the Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of $7,800.00, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: November 5, 2024

Martin Reidinger
Chief United States District Judge